# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,               Civil Action No.:
                                                 Honorable:

v.

                                                 COMPLAINT AND JURY
                                                 TRIAL DEMAND

PACE SOUTHEAST MICHIGAN,

        Defendant.
_____/

## NATURE OF THE ACTION

       This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Bianca Hill and Markita Brown. As alleged with greater particularity in paragraph 15 below, the Equal Employment Opportunity Commission ("the Commission") alleges that PACE Southeast Michigan ("Defendant Employer") violated the ADA by failing to

grant reasonable accommodation and subsequently terminating Hill and Brown, and a class of similarly aggrieved individuals, because of their disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.

§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, PACE Southeast Michigan ("PACE"), a Michigan corporation, has continuously been doing business in the State of Michigan and the County of Wayne, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant Pace.

8. On June 20, 2023, the Charging Party was issued a Notice of Right to Sue on her request. The Notice of Right to Sue

and accompanying correspondence specifically advised Defendant that the Commission would continue its investigation.

9. On November 8, 2023, the Commission issued a Letter of Determination to Defendant Employer finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Letter of Determination advised Defendant that – like, related and growing out of the investigation of Charging Party's allegations – the Commission's investigation revealed there was reasonable cause to believe that at least three employees similarly aggrieved to the Charging Party were denied reasonable accommodations and discharged due to their disabilities, in violation of the ADA.

11. The Commission engaged in communication with Defendant Employer to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

13. On November 28, 2023, the Commission issued to Defendant Employer a Notice of Failure of Conciliation, advising Defendant that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least March of 2020, Defendant Employer engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), in and around Wayne County, Michigan. Defendant violated the ADA by denying reasonable accommodation to employees with qualifying disabilities:

    a. Bianca Hill is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

  b. Markita Brown is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

  b. Hill has been diagnosed with severe anxiety, adjustment disorder, bipolar disorder and depression.

  c. Hill's severe anxiety, adjustment disorder, bipolar disorder and depression substantially limits her in the major life activities of concentrating and sleeping.

  d. Brown has been diagnosed with pseudotumor cerebri.

  e. Brown's pseudotumor cerebri substantially limits her in the major life activity of seeing and in the operation of a major bodily function (the brain).

  f. At all relevant times, Defendant was aware of Hill's disability.

  g. At all relevant times, Defendant was aware of Brown's disability.

  h. Defendants hired Hill as an accountant on or about April 23, 2018.

      i.      Hill was on approved FMLA leave for her disability from approximately February 3, 2021 through April 6, 2021.

      j.      Prior to the expiration of her FMLA leave on April 6, Hill requested a reasonable accommodation in the form of a 30-day extension of unpaid leave.

      k.      Hill provided Defendant medical documentation indicating she would be able to return to work on April 18.

      l.      Defendant refused to consider Hill's request or engage in an interactive process regarding the request.

      m.      Defendant automatically denied the request pursuant to its policy and practice of deeming any employee who is unable to return to work at the expiration of FMLA leave as terminated due to a "voluntary resignation."

      n.      Defendant could have granted Hill up to a 30-day leave extension with no undue burden on Defendant.

      o.      Defendant did not hire a replacement for Hill until approximately 6 months after Hill's termination.

      p.      Defendant terminated Hill because of her disability on or about April 15, 2021.

q. Brown was hired as a home care nursing assistant on or about October 13, 2015.

r. In October of 2020, Brown was hospitalized because of her disability twice, for a total of approximately 10 days.

s. Brown was on approved FMLA leave for her disability from October of 2020 to about January 11, 2021.

t. During this period, the symptoms of Brown's disability included increased intercranial pressure, a cerebrospinal fluid leak, increased pressure on and bulging of the eyes and blurred vision.

u. Prior to the expiration of her FMLA leave, Brown requested a reasonable accommodation in the form of a brief extension of unpaid leave.

v. In early January 2021, Brown advised Defendant she would be able to return to work as soon as she received new specialty, medically necessary contact lenses (scleral lenses), which she expected to receive within the next 30 days.

w. Brown provided Defendant medical documentation indicating she would be able to return to work as soon as she received her new contact lenses, which could have occurred as

early as her next appointment on January 14, 2020 (three days after her FMLA expiration).

 x. Brown requested additional unpaid leave past January 12 until she received the specialty contact lenses as a reasonable accommodation and asked if there was anything she needed to do to be granted such an accommodation.

 y. Defendant's HR representative responded, "yeah, you can return to work by January 12."

 z. Defendant refused to consider Brown's request or engage in an interactive process regarding the request.

 aa. Defendant automatically denied the request pursuant to its policy and practice of deeming any employee who is unable to return to work at the expiration of FMLA leave as terminated due to a "voluntary resignation."

 bb. Defendant could have granted Brown up to a 30-day leave extension with no undue burden.

 cc. Defendant terminated Brown because of her disability on or about January 12, 2021.

      dd.   Defendant did not hire a replacement for Brown until after Brown had received her new contact lenses and found a job with another employer.

      ee.   Defendant wrongfully believes its "voluntary resignation" policy allows Defendant to deny any request for a brief, finite extension of leave as a reasonable accommodation under the ADA, even when the leave could easily be granted with no undue burden on Defendant.

16.   The effect of the practices complained of in paragraph 15 above has been to deprive Hill and Brown and similarly aggrieved employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

17.   The unlawful employment practices complained of in paragraph 15 above were intentional.

18.   The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of Hill and Brown and similarly aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations for qualified employees with disabilities and from terminating employees on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employer to make Hill and Brown and similarly situated employes whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant Employer to make Hill and Brown and similarly aggrieved employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraph 15 above, in amounts to be determined at trial.

E. Order Defendant Employer to make Hill and Brown and similarly aggrieved employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 15 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Hill and Brown and similarly aggrieved employees punitive damages for their malicious and reckless conduct, as described in paragraph 15 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        KARLA GILBRIDE
        General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        KENNETH BIRD
        Regional Attorney

        OMAR WEAVER (P58861)
        Assistant Regional Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        /s/ Miles L. Uhlar
        MILES L. UHLAR (P65008)
        Trial Attorney
        Detroit Field Office
        477 Michigan Ave., Room 865
        Detroit, MI 48226
        (313) 774-0015
        miles.uhlar@eeoc.gov

Dated: September 13, 2024