**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,          Civil Action No.: 2:24-cv-12424
                                    Honorable Nancy G. Edmunds

v.

PACE SOUTHEAST MICHIGAN,

          Defendant.
_____/

**<u>CONSENT DECREE</u>**

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission" instituted this action against Defendant, PACE Southeast Michigan ("PACE"), pursuant to Title I of the Americans with Disabilities Acts (ADA) of 1990 and Title I of the Civil Rights Act of 1991. The EEOC alleged PACE violated the ADA by denying Markita Brown, Bianca Hill, and other employees attempting to return to work following leave a reasonable accommodation and terminating them because of their disabilities.

The Commission and PACE desire to resolve this action without the time and expense of continued litigation. It is the intent of the parties that this Consent Decree shall be a final and binding settlement in full disposition of the Complaint. This Decree does not constitute any admission by either party as to the claims and defenses of the other.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) this Consent Decree fully and finally resolves all matters in controversy arising out of the Complaint; and 3) the terms of this Decree will promote and effectuate the purposes of the ADA.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED:

## NON-DISCRIMINATION AND RETALIATION

1.  Defendant and its officers, agents, employees, successors and assigns are enjoined for the duration of this Decree from: a) having any policy that requires an employee returning to work following leave to present a doctor's letter indicating they are free of restrictions; b) failing to provide a reasonable accommodation to a

qualified employee with a disability to enable her/him to perform the essential functions of the job; and c) terminating the employment of a qualified individual with a disability because the individual is disabled within the meaning of the ADA.

## MONETARY RELIEF

2. **Settlement Amount**. Defendant shall pay a total of One Hundred Seventy Thousand dollars ($170,000.00) in monetary relief as set forth in subparts a-c of this paragraph.

a. Defendant shall pay Sixty Thousand dollars ($60,000.00) to Markita Brown. This amount shall consist of Five Thousand dollars ($5,000.00) in back pay, Forty Thousand dollars ($40,000.00) in compensatory damages, and Fifteen Thousand dollars ($15,000.00) in punitive damages.

b. Defendant shall pay Sixty Thousand dollars ($60,000.00) to Bianca Hill. This amount shall consist of Five Thousand dollars ($5,000.00) in back pay, Forty Thousand dollars ($40,000.00) in compensatory damages, and Fifteen Thousand dollars ($15,000.00) in punitive damages.

c. Defendant shall pay Fifty Thousand dollars ($50,000.00) to be divided among additional disabled employees terminated as

"voluntary resignations" at the conclusion of FMLA, who will be identified as set forth below.

      i.    Within fourteen (14) days of the entry of this Decree, PACE shall provide the EEOC with a list of all employees terminated with a "voluntary resignation" due to FLMA exhaustion between August 4, 2022, and the present (an updated version of the Excel spreadsheet provided to the EEOC on 8/4/22).

      ii.    The list provided shall include the employee's job title, location, address, phone number, personal e-mail, last hire date, termination date, and termination reason (the same categories of information as provided to the EEOC on 8/4/22).

      iii.    The EEOC will have One Hundred Twenty (120) days from the receipt of this list to provide PACE with the names of the individuals from the list (if any) to whom the $50,000.00 shall be distributed, and the amount to be distributed to each individual.

      iv.    If the EEOC fails to identify any additional individuals entitled to a distribution, in lieu of the $50,000.00 in payments, PACE shall make a charitable donation of $25,000.00 (half that amount) to the Michigan Disability Rights Coalition.

    3.    **<u>Final Distribution of Settlement Amount</u>**. Within seven

days of the entry of this Decree, the EEOC shall provide Defendant with addresses for Markita Brown and Bianca Hill. Within fourteen (14) days of the entry of this Decree, PACE will send payments in the amounts specified to Brown and Hill at the addresses provided. Payment to any additional identified individuals as set forth in paragraph 2(c)(iii) will be made within fourteen (14) days of PACE's being provided the names and addresses of those individuals. Payment to the Michigan Disability Rights Coalition (if applicable) shall be made within fourteen (14) days of notice being provided as set forth in paragraph 2(c)(iv).

All payments treated as back pay shall be subject to applicable taxes and withholding. Defendant shall not deduct from any payments allocated as back pay the employer's share of any costs, taxes, or Social Security required by law to be paid by Defendant. Defendant shall not withhold any amounts from the payments allocated as compensatory or punitive damages, but shall issue IRS 1099-MISC forms in the ordinary course of business.

4. **Administrative Costs**. Defendant shall pay all administrative costs for the process of distributing the settlement amount under this Decree, including, but not limited to: postage,

supplies, clerical services, accounting services, and tax return preparation incurred by Defendant in performing its duties under this Decree.

5. **Proof of Payment to EEOC**. Within seven (7) days after the payments have been made, Defendant shall mail a copy of each check and/or proof of direct deposit to Kenneth Bird, Regional Attorney, care of Miles Uhlar, Trial Attorney, EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226. Copies of each check or proof of direct deposit shall also be e-mailed to monitoring-eeoc-indo@eeoc.gov and miles.uhlar@eeoc.gov within seven (7) days after the payments have been made.

CORRECTIVE POLICIES

6. **Return from Leave and Reasonable Accommodation Policies**. Within sixty (60) days of entry of this Decree, PACE shall implement new or revised policies pertaining to employees who return from leave and request a reasonable accommodation. The policies shall specify that employees returning from FMLA may request an extension of leave as a reasonable accommodation. The policies shall further specify that PACE will then engage in an interactive process with employees regarding the request, and that

a finite extension of leave may be granted as a reasonable accommodation if supported by medical documentation and if the extended leave will not cause an undue hardship on PACE.

The new or revised policies shall be provided to all employees within ninety (90) days of the entry of this Decree and to all new employees thereafter at the time of hire. A copy of the policies shall also be e-mailed to miles.uhlar@eeoc.gov and monitoring-eeoc-indo@eeoc.gov.

## TRAINING

7. Within ninety (90) days from the entry of this Decree and thereafter on an annual basis for the duration of this Decree, Defendant shall provide a minimum of one hour of live, interactive training on the ADA to Danielle O'Connell, Raymond Pope and all other human resources employees. The trainings at a minimum shall include an overview of the ADA with special emphasis on reasonable accommodation requests and the interactive process and a review of Defendant's new reasonable accommodation policy (with examples, including examples of leave as a reasonable accommodation).

8. The cost of all trainings shall be borne by Defendants. Within 30 days after each training session, Defendants shall provide to the Commission a copy of all training materials and a list containing the names and titles of all employees who attended the training.

## NOTICE POSTING

9. Within sixty (60) days of the entry of this Decree, Defendant shall post the Notice attached as Exhibit A in all of its Southeast Michigan locations. The copies of the Notice shall be posted throughout the term of this Consent Decree. Written confirmation that copies of the Notice have been posted shall be mailed to Kenneth L. Bird, c/o Miles L. Uhlar, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to miles.uhlar@eeoc.gov and monitoring-eeoc-indo@eeoc.gov. Should any of the copies of the Notice become defaced, marred, or otherwise made unreadable, Defendant will post a readable replacement copy of the Notice as soon as practicable.

## RECORD-KEEPING

10. For the duration of this Decree, PACE shall keep complete records regarding all employees who use FMLA and what happened at

the expiration of that leave. These records shall include: a) name; b) position; c) dates of FMLA leave; d) reason for FMLA leave; e) if the employe requested additional leave or any other accommodation at the expiration of FMLA; f) whether the extension or other accommodation request was granted; g) if denied, who made the decision to deny; and h) if denied, the reason for the denial.

## REPORTING BY DEFENDANT

11.    For the duration of this Decree, PACE shall submit annual reports to the EEOC ("Compliance Reports"), which detail compliance with the Decree. The first report shall be due twelve months after the entry of this Decree, with the second report due twelve months thereafter. The final report shall be due ten months after entry of the second report. Each report shall contain all of the information set forth in paragraph #10 for the preceding 12 months, as well as the address, phone number and e-mail address of each employee who used FMLA.

12.    For the duration of this Decree, the EEOC shall have the right to inspect and review all records identified in paragraph #10.

## DURATION

13.    Absent extension, this Decree shall expire by its own terms

at the end of three (3) years from the date it has been entered by the Court without further action of the parties.

## DISPUTE RESOLUTION AND COMPLIANCE

14. This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and the EEOC shall be required to give the PACE ten (10) days' notice before moving for such review. The EEOC may conduct written discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree.

15. In the event PACE does not comply with any provision of this Decree, and the Commission must petition the Court to order PACE to comply, and the Court finds PACE to be non-compliant, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree. The Court may order sanctions up to and including $500 per day that PACE was non-compliant.

## MISCELLANEOUS

16. Except as provided in paragraph #15 each party will bear its own costs and fees.

17. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

18. Only the Court may modify this Decree.

19. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of PACE.

20. Defendant shall provide written notice, prior to any sale, merger or transfer of assets, to the purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Complaint and this Decree. Should any sale, merger or transfer of assets occur, Defendants shall provide to the EEOC written confirmation of the same and proof that notice of this Decree was provided to the successor within fourteen days of the sale, merger,

or transfer.

## COMMISSION REPORTING REQUIREMENTS UNDER IRC

21. The Commission may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from employer's taxes. If the Commission is required to do so, the Commission will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a.    PACE's EIN is 90-0650735. The individual to whom the Commission should send copies of the form 1098-F for Defendants, if the Commission is required to issue one is:

        Lisbeth Lim
        Senior Director, HR & OD : SPHR, ACC
        21700 Northwestern Hwy, Ste 900
        Southfield, MI 48075

    b.    The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code.

    c.    The provision of the Form 1098-F does not mean that the

        requirements to claim a deduction under the Internal Revenue Code have been met.

d.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

e.    The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

**IT IS SO ORDERED:**

/s/Nancy G. Edmunds
Hon. Nancy G. Edmunds
United States District Judge

Date: January 17, 2025

**APPROVED AS TO FORM:**

EQUAL EMPLOYMENT			PACE SOUTHEAST MICHIGAN
OPPORTUNNITY COMMISSION


 /s/ Miles Uhlar			/s/  Kevin Yombor
Kenneth L. Bird			Kevin Yombor (P86181)
Omar Weaver (P58861)		Kaufman Dolowich
Miles Uhlar (P65008)		7 W. Square Lake Rd., # 135
Attorney for Plaintiff		Bloomfield Hills, MI 48302
477 Michigan Ave., Rm. 865	(248) 237-3111
Detroit, Michigan 48226		kyombor@kaufmandolowich.com
(313) 226-4620
miles.uhlar@eeoc.gov

# EXHIBIT A - NOTICE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

115 West Washington Street, Suite 600<br>
Indianapolis, IN  46204-4203<br>
(800) 669-4000 TTY (800) 669-6820<br>
FAX (317) 226-7953 & 5571

**THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE ENTERED BETWEEN THE EEOC AND PACE SOUTHEAST MICHIGAN REGARDING DISABILITY DISCRIMINATION IN THE WORKPLACE**

Disability discrimination is a form of employment discrimination that violates The Americans with Disabilities Act. It is unlawful for an employer to refuse to hire or promote an applicant or employee based on disability. Furthermore, an employer has an obligation to engage in an interactive process with any disabled employee who requests a reasonable accommodation and to provide reasonable accommodations to disabled employees with disabilities to enable them to do their jobs.

PACE Southeast Michigan will not tolerate any form of disability discrimination, and has implemented a new accommodation policy which ensures, among other things, that qualified employees returning from medical leave know they can request a reasonable accommodation. A reasonable accommodation request may include returning to work with restrictions or additional leave as a reasonable accommodation. PACE Southeast Michigan will engage in an interactive process with employees making such requests and will grant the accommodation if it allows the employee to complete the essential functions of the position and does not impose an undue hardship on PACE. An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact the Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

In compliance with federal law, no owner, manager, official or supervisor at PACE will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

SIGNED this _____ day of _____, 2025.

_____

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
115 W. Washington St., South Tower Suite 600
Indianapolis, Indiana 46204-2203

Telephone: (800) 669-4000– TTY (800) 669-6820

This OFFICIAL NOTICE shall remain posted for three years from the date of signing.